UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRAYMONTE B. SNIPES,

        Plaintiff,

v.                                                       Case No. 3:26-cv-102-JEP-SJH

RICKY D. DIXON, et al.,

        Defendants.
_____

### **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, an inmate of the Florida penal system who is proceeding *pro se*, initiated this action by filing a complaint under 42 U.S.C. § 1983 (Doc. 1), an incomplete motion to proceed *in forma pauperis* (Doc. 2), and a motion for immediate injunction (Doc. 3). The gravamen of Plaintiff's complaint is that prison staff have interfered with his mail. *See* Doc. 1 at 3, 5; Doc. 3 at 1–2. In part, he asks the Court to order Defendants to cease their unconstitutional practices and to have law enforcement initiate criminal investigations or arrests. *See* Doc. 1 at 6; Doc. 3 at 1.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g)  In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

Plaintiff is a three-strikes litigant under § 1915(g). *See* Doc. 10, Case No. 2:24-cv-612-JLB-NPM (M.D. Fla., July 18, 2024). The Court takes judicial notice of filings previously brought by Plaintiff that were dismissed as frivolous, malicious, or for failure to state a claim. *See* Case No. 2:22-cv-386-SPC-KCD (M.D. Fla. June 29, 2022) (failure to state a claim and frivolous); Case No. 2:21-cv-8-JLB-MRM (M.D. Fla. Apr. 22, 2021) (failure to state a claim); Case No. 8:18-cv-671-T-33CPT (M.D. Fla. Mar. 26, 2018) (failure to state a claim). Because Plaintiff has had three or more qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal, he may not proceed *in forma pauperis*.

Additionally, Plaintiff fails to demonstrate he is entitled to injunctive relief. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th

Cir. 2005) (setting forth the prerequisites to obtaining the drastic remedy of injunctive relief). *See also* M.D. Fla. R. 6.01(a), (b) (listing what a motion for a temporary restraining order must contain, including a memorandum of law). Aside from the substantive and procedural deficiencies of Plaintiff's motion, this Court cannot grant him the relief he seeks (*i.e.*, criminal investigations or arrests). *See Billings v. Allen*, Civ. No. 7:14-CV-052-HL-TQL, 2014 WL 1621782, at *4 (M.D. Ga. Apr. 22, 2014) ("The United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions."); *Stoll v. Martin*, No. 3:06CV180/LAC/EMT, 2006 WL 2024387, at *3 (N.D. Fla. July 17, 2006) ("This court cannot direct that a federal prosecution occur; authority to investigate and initiate criminal complaints rests exclusively with federal prosecutors.").

Finding Plaintiff may not proceed *in forma pauperis* or obtain injunctive relief, his motions will be denied, and this action will be dismissed without prejudice. If Plaintiff wants to proceed on any claims, he may initiate a new civil rights action by filing a new civil rights complaint, using the Court-approved form, accompanied by a payment of $405.00 ($350.00 filing fee and $55.00 administrative fee).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**.

2. Plaintiff's motion for immediate injunction (Doc. 3) is **DENIED**.

3. This case is **DISMISSED without prejudice**.

4. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of January, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

Jax-6
c:
Traymonte B. Snipes